BEFORE THE FIRST DIVISION, JULY 7, 1943

**No. 48512.**—Protest 999975–G of Eitinger Bead Co. (New York).

Opinion by OLIVER, P. J.   In accordance with stipulation of counsel that the merchandise is similar to that the subject of Abstract 47816, the claim at 25 percent under paragraph 1503 and T. D. 49458 was sustained.

**No. 48513.**—Protest 922941–G of Sprouse-Reitz Co. (Portland, Oreg.)

Opinion by WALKER, J.   As the rubber projections obviously are bristle like in their appearance and use, and are fastened to what may be called a back, viz, the sponge rubber portion of the article, it was the opinion of the court that the article falls within the scope of Webster's definition of "brush." Several witnesses were called.   One, the examiner, referred to it in his testimony as a flesh brush used by persons taking a bath or scrubbing their skin.   The plaintiff failed to offer evidence tending to establish the chief use of the article.   See *United States* v. *Myers* (24 C. C. P. A. 464, T. D. 48913).   On the record presented, as the plaintiff failed to rebut the presumption of correctness attaching to the collector's classification, the protest was overruled in all respects.

**No. 48514.**—Protest 948890–G of Sprouse-Reitz Co., Inc. (San Francisco).

Opinion by WALKER, J.   A sample of the merchandise is about 4½ inches long by 1½ inches wide, elliptical in shape, having a handle or indentation in the upper part to be grasped by the fingertips, and an outside row of what have been identified as a poor grade of Chinese boar bristles and inner rows of palmyra fiber. Plaintiff claims that the article is chiefly used as a vegetable scrubbing brush, rather than a toilet brush, and a witness on behalf of the plaintiff so testified. Another witness for the plaintiff testified that the brush is sold in the household department of the plaintiff's stores, while toilet articles are sold in another department.   A witness for the defendant who is a domestic brush manufacturer testified he had seen such brushes used as hand brushes, that they were not suitable as vegetable brushes since the outside row of bristles would serve no purpose, not being stiff enough for that work, and the handle being awkward for such use.   A retail druggist testified for the defendant that he had sold merchandise similar to exhibit 1 as a hand brush and on cross-examination stated that he never sold any vegetable brushes.   It was found that the plaintiff failed to support its claim and that the classification of the collector carried with it a finding that at or prior to the passage of the Tariff Act of 1930 such brushes were chiefly used for toilet purposes.   *United States* v. *Myers* (24 C. C. P. A. 464, T. D. 48913) cited.   The plaintiff failed to rebut this element of the collector's classification.   On the record presented the protest was overruled.